This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.

**NO. 30,478**

**SHARON EARNEST,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Trace L. Rabern
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

The State appeals the district court's order granting Defendant Sharon Earnest's motion to suppress evidence. On March 18, 2011, this Court filed a third calendar notice proposing reversal on the summary calendar. On June 24, 2011, Defendant filed a memorandum in opposition that we have given due consideration. For the reasons set forth below and in our calendar notices, we reverse the district court.

**INTRODUCTION**

In the district court, Defendant moved to suppress evidence of possession of drugs and drug paraphernalia, alleging that the evidence was the fruit of an earlier search warrant that she asserts was invalid. [RP 79-81] Defendant's arguments fall into two categories: those related to the veracity of the informants relied on in the affidavit for the search warrant and those related to procedural or technical defects in the warrant. In the present circumstances, as background for our analysis of both issues,

> [w]e are mindful of the admonitions that a reviewing court should not impose technical requirements on an affidavit nor insist on elaborate specificity, but instead we should apply a common-sense reading of the affidavit, while bearing in mind that such affidavits are generally prepared by police officers who are not lawyers.

*In re Shon Daniel K.*, 1998-NMCA-069, ¶ 8, 125 N.M. 219, 959 P.2d 553, *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d

376.

**VERACITY OF INFORMANTS**

Defendant argues that the affidavit for the search warrant relied on "unconfirmed hearsay allegations provided by telephoning informants," [MIO3 14] that this Court's reliance on *State v. Dietrich*, 2009-NMCA-031, 145 N.M. 733, 204 P.3d 748, is misplaced, [MIO3 17] that the requisite corroboration must be accomplished by law enforcement investigation—not by colluding tipsters corroborating each other, [MIO3 18] and that this Court did not conduct a meaningful analysis of the affidavit under *Williamson*, 2009-NMSC-039.

We first observe that the affidavit states that the affiant, Chief of Police Jennifer Dreiling, spoke to Brandi Earnest by telephone, but it does not specify whether she spoke to the other informant, Billy McGinnis, by telephone or in person. [RP 123-24] We also fail to see any indication that Brandi Earnest and McGinnis were necessarily "colluding tipsters." The affidavit shows only that Officer Dreiling received similar information from both informants. The district court's order of suppression speculates only that "[t]hese informants *may* have 'bad blood' with defendant" (emphasis added), but Defendant does not cite any support in the record for such a conclusion. [RP 128]

An affidavit for a search warrant "must set forth both: (1) a substantial basis

for believing the informant; and (2) a substantial basis for concluding the informant gathered the information of illegal activity in a reliable fashion." *State v. Cordova,* 109 N.M. 211, 214, 784 P.2d 30, 33 (1989). "[T]hese requirements are formulations of the 'veracity' and 'basis of knowledge' tests" of the so-called *Aguilar-Spinelli* two-prong approach to a determination of probable cause for a search warrant, which New Mexico continues to follow. *Cordova,* 119 N.M. at 214, 784 P.2d at 33.

"The degree of proof necessary to establish probable cause for the issuance of a search warrant is more than a suspicion or possibility but less than a certainty of proof." *State v. Nyce,* 2006-NMSC-026, ¶ 10, 139 N.M. 647, 137 P.3d 587 (internal quotation marks and citations omitted), *overruled on other grounds by Williamson,* 2009-NMSC-039, ¶ 29. "[A]n issuing court's determination of probable cause must be upheld if the affidavit [for search warrant] provides a substantial basis to support a finding of probable cause." *Williamson,* 2009-NMSC-039, ¶ 29. "Our review is limited to the four corners of the search warrant affidavit." *Id.* ¶ 31.

"When facts provided by an informer are independently corroborated, we accord greater weight to the informer's credibility." *Dietrich,* 2009-NMCA-031, ¶ 12. "Identifying an 'informant' by name is a significant factor in determining the veracity or reliability of the information." *Id.* "[A] named informant has greater incentive to provide truthful information because he or she is subject to unfavorable consequences

for providing false or inaccurate information to a greater degree than an unnamed or anonymous individual." *Id.* (internal quotation marks and citation omitted).

Defendant's motion to suppress challenged the veracity prong of the *Aguilar-Spinelli* test. She asserts that Officer Dreiling failed to confirm that the caller described in the affidavit was in fact Brandi Earnest, and thus the information provided in the call was similar to that from an anonymous informant. [RP 80] Thus, Defendant argued, there was no past record of reliability or other basis for believing the caller to be credible.

As mentioned above, we confine our review of the sufficiency of the affidavit to its four corners. The affidavit stated, "Affiant was contacted by phone by Brandi Earnest on September 18, 2008," and that the affiant "spoke to Billy McGinnis . . . , a friend of the family who has been inside the residence." [RP 123-24] We agree with Defendant that the affidavit says nothing about how or whether Officer Dreiling knew Brandi Earnest or Billy McGinnis beforehand, whether she recognized their voices, or whether she had any doubts as to the callers' true identities. This Court, however, limited to the four corners of the affidavit, will not engage in speculation that the individuals might not have been who they said they were or that they might have colluded in making false reports, nor will we presume that the officer did not investigate these questions in the course of gathering facts supporting the need for a

warrant.

For the reasons set forth above and in our calendar notices, we reverse the district court's conclusion that the veracity prong of the *Aguilar-Spinelli* test for probable cause was not satisfied.

**TECHNICAL AND PROCEDURAL ASPECTS OF THE WARRANT**

Defendant points out, as did the district court judge, that the signature of the person witnessing the affidavit does not appear in the record proper, although the affiant's signature is present. [RP 89, 91, 124] Additionally, although the record proper contains the affidavit for search warrant, it does not contain the warrant itself. For the reasons stated in our third calendar notice, we conclude that these defects in the record are an insufficient reason to affirm the district court's grant of Defendant's motion to suppress. In summary, we observed that although the district court pointed out the missing witness's signature, the court did not base its ruling on this. We also noted that neither the parties nor the district court below challenged the existence of the warrant. Defendant's written motion to suppress included the following language, which appears to acknowledge that the warrant existed and was properly signed:

> *An affidavit for search warrant was prepared and sworn to* [on] September 19, 2008, by affiant [Officer] Dreiling, Chief of Police, of Melrose, Curry County, New Mexico. . . . *The court signed the search warrant* and same was executed on September 19, 2008. . . .

> *Defendant challenges the truthfulness, not of the affiant*, but of Brandi

Earnest.

(Emphasis added.)  [RP 79]

We conclude that the alleged technical and procedural defects in the warrant are an insufficient basis for invalidating it.

**CONCLUSION**

For the reasons stated above and in our calendar notices, we reverse the district court's grant of Defendant's motion to suppress evidence, and we remand for further proceedings.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**